# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

ACQIS, LLC
a Texas limited liability company,

        Plaintiff,

    v.

LENOVO GROUP, LTD., a China corporation,
LENOVO PC HK LIMITED, a China corporation,
LCFC (HEFEI) ELECTRONICS TECHNOLOGY
CO., LTD, a China corporation, LENOVO
INTERNATIONAL INFORMATION PRODUCTS
(SHENZHEN) CO. LTD, a China corporation,
LENOVO (BEJING) INFORMATION
TECHNOLOGY LTD., a China corporation,
LENOVO CENTRO TECHNOLOGICO S DE R.L.
DE CV, a Mexico Corporation,

        Defendants.

Civil Action No.  6:20-cv-00967-ADA

**JURY TRIAL DEMANDED**

Oral Hearing Requested
– Local Rule CV-7(h)

## DEFENDANTS' MOTION TO DISMISS
## <u>FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM</u>

# TABLE OF CONTENTS

**Pages**

INTRODUCTION .................................................................................................................... 1

BACKGROUND ..................................................................................................................... 2

    A.   Lenovo Group Ltd., Lenovo Beijing, and Lenovo Shenzhen are not part of the supply chain for any Lenovo products sold in the United States. ................................................. 1

    B.   LCFC and Lenovo Centro manufacture Lenovo products on behalf of Lenovo PC HK. . 3

    C.   Lenovo PC HK distributes Lenovo products internationally. ........................................... 3

    D.   Lenovo (United States) Inc.—a non-party—imports and distributes Lenovo products in the United States. ......................................................................................................................... 4

LEGAL STANDARD .............................................................................................................. 4

    A.   Personal Jurisdiction and Service of Process .................................................................... 4

    B.   The Pleading Standard ........................................................................................................ 5

ARGUMENT ............................................................................................................................ 6

I.   The Court Lacks Personal Jurisdiction Over The Defendants and Should Dismiss ACQIS's Complaint ................................................................................................................................. 6

    A.   Lenovo Shenzhen should be dismissed because it no longer exists. ................................. 7

    B.   Lenovo Group Limited and Lenovo Beijing should be dismissed because they have no contact with either Texas or the United States. .............................................................................. 7

    C.   Lenovo PC HK, LCFC, and Lenovo Centro should be dismissed because they have no contact with Texas. ..................................................................................................................... 10

        1. Lenovo PC HK, LCFC, and Lenovo Centro do not have minimum contacts with Texas that could support personal jurisdiction. ....................................................... 10

        2. ACQIS must show Lenovo PC HK, LCFC, and Lenovo Centro have contacts with Texas, not merely contacts with the United States. .................................................. 14

        3. ACQIS's vague and conclusory allegations cannot manufacture jurisdiction over Lenovo PC HK, LCFC, and Lenovo Centro ............................................................ 15

II.  The Court Should Dismiss ACQIS's Complaint As To The Defendants In China And Mexico For Lack of Proper Service ............................................................................................. 17

III. The Court Should Dismiss ACQIS's Claims Of Direct Infringement Because ACQIS Does Not Plausibly Allege Infringing Conduct By Any Named Defendant. .................................. 18

CONCLUSION ....................................................................................................................... 20

i

## COMPANY ABBREVIATIONS

| Abbreviation | Company Name |
|---|---|
| Lenovo Group Ltd. | Lenovo Group Ltd. |
| Lenovo Beijing | Lenovo (Beijing) Information Technology Ltd. |
| Lenovo Shenzhen | Lenovo International Information Products (Shenzhen) Co. Ltd. |
| LCFC | LCFC (Hefei) Electronics Technology Co. Ltd. |
| Lenovo Centro | Lenovo Centro Tecnológico S. de R.L. de CV |
| Lenovo PC HK | Lenovo PC HK Limited |

## DECLARATION ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| LGL Decl. | Declaration of Mok Chung Fu Eric re Lenovo Group Ltd. |
| LBIT Decl. | Declaration of Xin Li re Lenovo Beijing |
| LCFC Decl. | Declaration of Bonnie Liu re LCFC |
| LCT Decl. | Declaration of Brenda Cynthia Martinez Hernandez re Lenovo Centro |
| LPH Decl. | Declaration of Mok Chung Fu Eric re Lenovo PC HK |

## EXHIBITS[1]

| Exhibit | Description |
|---|---|
| A | Lenovo (United States) Inc., North Carolina Annual Report |
| B | Lenovo U.S. website, Terms of Use |
| C | Lenovo U.S. website, MyLenovo Rewards Terms of Service |
| D | Lenovo U.S. website, Locations |
| E | Hague Service Convention, Status Table |
| F | U.S. State Department, Mexico Judicial Assistance Information |
| G | Hague Service Contention, Mexico Reservations |
| H | U.S. State Department, China Judicial Assistance Information |
| I | Hague Service Contention, China Reservations |
| J | Certified Translation of Notice of Cancellation for Lenovo International Information Products (Shenzhen) Co., Ltd. |

---

[1] Unless otherwise noted, "Ex." refers to exhibits to the Declaration of Jeffrey S. Seddon, II, filed concurrently with this motion.

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
    689 F.3d 1358 (Fed. Cir. 2012)...................................................................................11

*Alternative Delivery Sols., Inc. v. R.R. Donnelley & Sons Co.*,
    No. SA-05-CA-0172-XR, 2005 WL 1862631 (W.D. Tex. July 8, 2005)..............................18

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................9, 20

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
    566 F.3d 1012 (Fed. Cir. 2009)...........................................................................5, 7, 8

*Axford Consulting, L.P. v. Foster Jordan, LLC*,
    No. H-09-1899, 2009 WL 10711347 (S.D. Tex. Sept. 24, 2009)..........................................18

*Barnett v. Am. Gen. Life Ins. Co.*,
    No. A-09-CA-935-SS, 2010 WL 11566353 (W.D. Tex. Oct. 7, 2010)..................................20

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).....................................................................................................6

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
    444 F.3d 1356 (Fed. Cir. 2006)...................................................................................5

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)...................................................................................................10

*Bustos v. Lennon*,
    538 F. App'x 565 (5th Cir. 2013) ...................................................................13, 14

*Carlton v. Freer Inv. Grp., Ltd.*,
    No. 15-cv-946, 2017 WL 11046201 (W.D. Tex. Aug. 8, 2017)..........................................6

*Celgard LLC v. SK Innovation Co.*,
    No. 3:13-CV-00254-MOC, 2014 WL 4311035 (W.D.N.C. July 25, 2014) ....................13, 14

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014).....................................................................................................5

*Elecs. For Imaging Inc. v. Coyle*,
    340 F.3d 1344 (Fed. Cir. 2003).....................................................................................5

*Freudensprung v. Offshore Tech. Servs., Inc.*,
  379 F.3d 327 (5th Cir. 2004) ........................................................1, 8, 9

*Grober v. Mako Prod., Inc.*,
  686 F.3d 1335 (Fed. Cir. 2012)......................................................6, 7, 9

*Hanson v. Denckla*,
  357 U.S. 235 (1958)............................................................................16

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)........................................................................5, 10

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP*,
  256 F.3d 548, 552 (7th Cir. 2001) .....................................................14

*Microsoft Corp. v. AT&T Corp.*,
  550 U.S. 437 (2007)......................................................................2, 19

*Nat'l Steel Car Ltd. v. Greenbrier Companies, Inc.*,
  No. 6:19-CV-00721-ADA, 2020 WL 4289388 (W.D. Tex. July 27, 2020)..............................9

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
  626 F.3d 1222 (Fed. Cir. 2010)............................................................5

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
  484 U.S. 97 (1987)........................................................................17, 18

*Phonometrics, Inc. v. N. Telecom Inc.*,
  133 F.3d 1459 (Fed. Cir. 1998)............................................................9

*Religious Tech. Ctr. v. Liebreich*,
  339 F.3d 369 (5th Cir. 2003) ................................................................5

*Touchcom, Inc. v. Bereskin & Parr*,
  574 F.3d 1403 (Fed. Cir. 2009)..........................10, 11, 12, 14, 15, 16

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
  486 U.S. 694 (1998)............................................................................17

*Water Splash, Inc. v. Menon*,
  137 S. Ct. 1504 (2017)........................................................................18

**Statutes**

28 U.S.C. § 1391(c)(3)..............................................................................13

28 U.S.C. § 1400(b) ................................................................................13

35 U.S.C. § 271......................................................................................12, 20

35 U.S.C. § 271(a) ....................................................................................................19

35 U.S.C. §§ 271(a), (g) ..........................................................................................2, 19

35 U.S.C. § 271(g) ....................................................................................................19

35 U.S.C. § 286 ..........................................................................................................7

Tex. Civ. Prac. & Rem. Code § 17.045(a) ...............................................................18

**Other Authorities**

Fed. R. Civ. P. 4(f), 4(h) ..........................................................................................17

Fed. R. Civ. P. 4(f), (h), (k) ......................................................................................4

Fed. R. Civ. P. 4(k)(1)(A) ........................................................................................10

Fed. R. Civ. P. 4(k)(2) ..........................................................................................8, 14

Fed. R. Civ. P. 4(k)(2)(A) ........................................................................................14

Fed. R. Civ. P. 12(b)(5) ........................................................................................2, 18

Fed. R. Civ. P. 12(b)(6) ..........................................................................................2, 6

Fed. R. Civ. P. 4(f) ....................................................................................................17

Fed. R. Civ. P. 8(a)(2) ................................................................................................5

Fed. R. Civ. P. 12(b)(2) ..............................................................................................2

## INTRODUCTION

ACQIS contends that "Lenovo" infringes ACQIS's patents through the manufacture, use, sale, offer to sell, and importation of allegedly infringing Lenovo-brand computer products in the United States. But the named Lenovo defendants have no connection to Texas and do not conduct any acts of alleged infringement in the United States. They are foreign corporations that are not registered to do business in the United States and have no places of business, no assets, and no employees in the United States. None of the named defendants have any connection with Texas and none have directed their activities to Texas. Four of the named defendants were not even properly served in accordance with Rule 4 and the Hague Service Convention. Accordingly, ACQIS has not and cannot establish jurisdiction over these foreign corporations in Texas.

ACQIS attempts to mask these issues by asserting allegations against "Lenovo" collectively—including "other Lenovo subsidiaries, affiliates, and intermediaries" not named as defendants, i.e., U.S. subsidiaries, *see* Compl. ¶¶ 12, 45—but ACQIS cannot ground its allegations against the named defendants in the actions of other companies. *See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) ("the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated"). Moreover, venue is improper here for Lenovo (United States) Inc., which is based in North Carolina and has no place of business in Texas. And ACQIS cannot use the actions of a U.S. affiliate that could not be sued in Texas to establish personal jurisdiction over the named defendants.

Even if there were jurisdiction, however, ACQIS does not plausibly allege that any of the named defendants committed any acts of alleged infringement within the United States. The named defendants are foreign companies that do not conduct any activity within the United States. And ACQIS cannot (and does not) allege direct infringement based only on conduct abroad. *See*

1

35 U.S.C. §§ 271(a), (g); *see also Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 454-55 (2007) ("The presumption that United States law governs domestically but does not rule the world applies with particular force in patent law.").

Simply put, ACQIS named the wrong defendants in a forum where they have no contacts and no activity, much less any allegedly infringing conduct. Accordingly, the defendants respectfully request that the Court dismiss this action for lack of personal jurisdiction, insufficient service of process, and failure to state a claim of direct infringement pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.

## **BACKGROUND**

### A. Lenovo Group Ltd., Lenovo Beijing, and Lenovo Shenzhen are not part of the supply chain for any Lenovo products sold in the United States.

Lenovo Group Ltd., Lenovo (Beijing) Information Technology Ltd. ("Lenovo Beijing"), and Lenovo International Information Products (Shenzhen) Co. Ltd. ("Lenovo Shenzhen") have no role in the manufacture or distribution of any Lenovo products sold or imported in the United States. Lenovo Group Ltd. is a Hong Kong holding company that serves as a direct and indirect parent company for other Lenovo affiliates. *See* LGL Decl. ¶¶ 2-3. It does not manufacture or distribute any products—in the United States or otherwise. *Id.* Lenovo Beijing is a Chinese company that distributes data center products within China. *See* LBIT Decl. ¶ 2. And Lenovo Shenzhen was a Chinese company that was dissolved nearly 11 years ago, on January 25, 2011. *See* LGL Decl. ¶¶ 7-11; *see also* Ex. J.

Neither Lenovo Group Ltd. nor Lenovo Beijing has registered to do business in Texas or the United States, imported Lenovo products into the United States, manufactured, sold, or offered to sell Lenovo products in Texas or the United States, or otherwise done business in the United States for at least the past six years. *See* LGL Decl. ¶¶ 4-5; LBIT Decl. ¶¶ 3-4. They have no

places of business, real estate, bank accounts, or other assets in Texas or the United States. *Id.* And they have no employees in Texas or the United States. *Id.*

**B.      LCFC and Lenovo Centro manufacture Lenovo products on behalf of Lenovo PC HK.**

LCFC (Hefei) Electronics Technology Co., Ltd. ("LCFC") and Lenovo Centro Tecnológico S. de R.L. de C.V. ("Lenovo Centro") manufacture products on behalf of Lenovo PC HK Limited ("Lenovo PC HK"). LCFC is a Chinese corporation based in Hefei, China, that sells Lenovo products to LC Future Center Limited, a Hong Kong corporation that sells the products to Lenovo PC HK for international distribution. LCFC Decl. ¶¶ 2-3. LCFC does not market or sell Lenovo products outside of China. *Id.* ¶ 3.

Similarly, Lenovo Centro is a Mexican company based in Apodaca, Mexico, that provides manufacturing as a service to Lenovo PC HK. LCT Decl. ¶¶ 2-6. Lenovo Centro is a *maquila* corporation, which means that it receives raw materials (parts) from Lenovo PC HK, assembles them into finished goods, then ships the finished goods where directed without ever owning the parts, finished goods, or even the manufacturing facility. *Id.* ¶ 5.

Neither LCFC nor Lenovo Centro has registered to do business in Texas, imported Lenovo products into the United States, manufactured, sold, or offered to sell Lenovo products in Texas, or otherwise done business in Texas in the past six years. LCFC Decl. ¶¶ 7-8; LCT Decl. ¶¶ 8-9. They have no places of business, real estate, bank accounts, or other assets in Texas. *Id.* And they have no employees in Texas. *Id.*

**C.      Lenovo PC HK distributes Lenovo products internationally.**

Lenovo PC HK is incorporated and located in Hong Kong. LPH Decl. ¶ 2. Lenovo PC HK is involved in procurement and distribution of Lenovo products internationally, which includes the sale of Lenovo products to non-party Lenovo (United States) Inc., a U.S. distributor responsible

3

for the sale and distribution of Lenovo products in the United States. *Id.* ¶¶ 2-4, 7. Lenovo PC HK's sales to Lenovo (United States) Inc. are conducted overseas and Lenovo PC HK does not control Lenovo (United States) Inc.'s sales, nor does it direct where products are sold within the United States. *Id.* Lenovo (United States) Inc. is an independent distributor, not a subsidiary or agent of Lenovo PC HK. *Id.* Lenovo PC HK does not import Lenovo products into the United States or sell Lenovo products within the United States. *Id.* ¶ 8.

Lenovo PC HK has not registered to do business in Texas, imported Lenovo products into the United States, manufactured, sold, or offered to sell Lenovo products in Texas, or otherwise done business in Texas in the past six years. *Id.* ¶¶ 6-8. It has no places of business, real estate, bank accounts, or other assets in Texas. *Id.* And it has no employees in Texas. *Id.*

**D.     Lenovo (United States) Inc.—a non-party—imports and distributes Lenovo products in the United States.**

Lenovo (United States) Inc. is a domestic company, headquartered in Morrisville, North Carolina. *See* Ex. A. After purchasing Lenovo products from Lenovo PC HK overseas, Lenovo (United States) Inc. imports them into the United States, and is responsible for pricing, marketing, and selling them within the United States. LPH Decl. ¶ 4. Lenovo (United States) Inc. also operates and sells products through the Lenovo U.S. website. Ex. B at 10, Ex. C at 1.[2]

## LEGAL STANDARD

**A.     Personal Jurisdiction and Service of Process**

Federal Rule of Civil Procedure 4 governs service of process and the establishment of personal jurisdiction over foreign defendants. *See* Fed. R. Civ. P. 4(f), (h), (k). Personal jurisdiction is proper only where the state long-arm statute permits service on the defendant and

---

[2] A table summarizing the facts for each of the six defendants is included in Appendix A.

the requirements of due process are satisfied. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006). In Texas, however, the long-arm statute extends to the limits of due process, thus the two inquiries are one and the same. *See Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003).

The Supreme Court set forth a two-pronged test to determine if the requirements of due process are satisfied: 1) the non-resident must have "minimum contacts" with the forum state, and 2) subjecting the non-resident to jurisdiction must be consistent with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Jurisdiction may be general—when the defendant's connection to a forum is "so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014) (internal quotation and editing marks omitted). Alternatively, specific jurisdiction may exist "based on activities that arise out of or relate to the cause of action." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009).

"The Federal Circuit applies a three prong test to determine if specific jurisdiction exists: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). The plaintiff has the burden to show that the defendant has minimum contacts to the forum under the first two prongs, but the defendant has the burden of proving the exercise of jurisdiction would be unreasonable under the third. *See Elecs. For Imaging Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).

### B.      The Pleading Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks omitted). In order to

survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the plaintiff

must "state a claim to relief that is plausible on its face." *Id.* at 570. And "every element of each

cause of action must be supported by specific factual allegations." *Carlton v. Freer Inv. Grp.,*

*Ltd.*, No. 15-cv-946, 2017 WL 11046201, at *8 (W.D. Tex. Aug. 8, 2017) .

## ARGUMENT

I. **The Court Lacks Personal Jurisdiction Over The Defendants and Should Dismiss ACQIS's Complaint.**

As an initial matter, the defendants are foreign corporations without any contacts with the

State of Texas or this District and thus should be dismissed for lack of personal jurisdiction. *See*

*Grober v. Mako Prod., Inc.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012) (affirming dismissal for lack of

personal jurisdiction). ACQIS attempts to manufacture the requisite minimum contacts and

jurisdiction through a "stream of commerce" theory of specific jurisdiction,[3] *see* Compl. ¶ 15, but

its conclusory allegations are both insufficient and contradicted by the facts. One of the

defendants—Lenovo Shenzhen—ceased to exist over a decade ago and thus none of its activities

form a plausible basis for ACQIS's claims. Two of the defendants—Lenovo Group Limited and

Lenovo Beijing—do not manufacture or distribute products for sale in the United States and are

therefore not subject to ACQIS's "stream of commerce" theory. And the remaining three

defendants—Lenovo PC HK, LCFC, and Lenovo Centro—have not directed any activities toward

Texas and thus are not subject to jurisdiction in this state. Accordingly, ACQIS's claims have no

---

[3] ACQIS does not allege that any of the defendants has the "continuous and systematic contacts" required for general jurisdiction. *See* Compl. ¶ 15; *cf. Grober v. Mako Prod., Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012). Indeed, ACQIS's complaint concedes that all defendants are foreign corporations that do not reside in the United States. *See* Compl. ¶¶ 6-12, 16.

merit and should be dismissed as to all of the defendants.

## A. Lenovo Shenzhen should be dismissed because it no longer exists.

First, the Court should immediately dismiss Lenovo Shenzhen because it has not existed for a decade. Specific jurisdiction "must be based on activities that arise out of or relate to the cause of action." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). Here, however, Lenovo Shenzhen was dissolved on January 25, 2011, *see* LGL Decl. ¶¶ 7-11, more than nine years before ACQIS filed suit on October 15, 2020. And ACQIS's claims are limited to the six years preceding the filing of the complaint. *See* 35 U.S.C. § 286. Accordingly, ACQIS's claims cannot arise from or relate to any long-past activity of Lenovo Shenzhen from before its dissolution, nor could that activity give rise to specific jurisdiction here.

ACQIS's allegations neither address that fatal defect, nor provide any other basis for jurisdiction. Indeed, ACQIS makes only one allegation (Compl. ¶ 9) specific to Lenovo Shenzhen:

> Publicly available import data indicates that Lenovo International Information Products (Shenzhen) Co. Ltd., is a prolific importer of Lenovo products, including laptop and desktop computers, into the United States.

That allegation is both vague and untethered from ACQIS's allegations of patent infringement and thus cannot justify specific jurisdiction. Although ACQIS alleges that Lenovo Shenzhen is an importer of "laptop and desktop computers," ACQIS does not specify how many computers, when the computers where imported, or if the computers are even products accused of infringement in this lawsuit. Even if Lenovo Shenzhen still existed, that vague allegation is insufficient to support specific jurisdiction. *See, e.g.*, *Mako Prod.*, 686 F.3d at 1347 (finding allegations of "shipment of an unspecified amount of products" insufficient to support specific jurisdiction).

## B. Lenovo Group Limited and Lenovo Beijing should be dismissed because they have no contact with either Texas or the United States.

The Court should also dismiss Lenovo Group Limited and Lenovo Beijing for lack of

personal jurisdiction because neither has any contact with Texas or with the United States.[4] Lenovo Group Limited is a holding company registered in Hong Kong, *see* LGL Decl. ¶¶ 2-3, and Lenovo Beijing distributes enterprise products in China. *See* LBIT Decl. ¶ 2. Neither has a place of business, assets, or employees in the United States, nor does either sell or offer to sell products in the United States, import products into the United States, or manufacture or distribute products sold in the United States. LGL Decl. ¶¶ 3-5; LBIT Decl. ¶¶ 2-4. In other words, Lenovo Group Ltd. and Lenovo Beijing have nothing to do with the activities that ACQIS alleges infringe its patents. Accordingly, neither is subject to specific jurisdiction in this case under ACQIS's "stream of commerce" theory or any other theory. *See Autogenomics*, 566 F.3d at 1017.

Even without those undisputed facts, ACQIS's allegations fail to present even a colorable basis for exercising jurisdiction over Lenovo Group Limited or Lenovo Beijing. ACQIS does not allege that Lenovo Group Limited has any presence in Texas or the United States or that it has committed any conduct related to the alleged patent infringement. *See* Compl. ¶¶ 6, 12. Instead, ACQIS only contends that "Lenovo Group Limited is the parent company of a multinational conglomerate that operates under the name 'Lenovo'" and is related to the other defendants and "other Lenovo subsidiaries, affiliates, and intermediaries" that allegedly commit acts of patent infringement. *See id.* But that is insufficient as a matter of law: "[T]he proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004);[5] *see also*

---

[4] Lenovo Group Limited and Lenovo Beijing are not subject to jurisdiction in any U.S. state, thus their relevant contacts are with the United States as a whole. *See* Fed. R. Civ. P. 4(k)(2).

[5] The actions of affiliates may serve as the basis for personal jurisdiction if a plaintiff shows "proof of control by [one corporation] over the internal business operations and affairs of another

*Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998) (affirming dismissal of parent with no presence or activity in Florida and no control of co-defendant's corporate activities); *Nat'l Steel Car Ltd. v. Greenbrier Companies, Inc.*, No. 6:19-CV-00721-ADA, 2020 WL 4289388, at *3 (W.D. Tex. July 27, 2020) (requiring plaintiff to show "clear evidence" to "rebut the presumption of institutional independence" between parent and subsidiary).

ACQIS's allegations similarly fail to present any basis for exercising jurisdiction over Lenovo Beijing. ACQIS does not allege that Lenovo Beijing has any presence in Texas or the United States or that it directly sold or manufactured products that were sold in the United States. *See* Compl. ¶ 10. Instead, it alleges only that Lenovo Beijing "is listed as a manufacturer of Lenovo products on various manufacturing certification certificates applicable to products sold in the United States" and is listed as "distribut[ing] IT products" in Lenovo Group Limited's 2019/2020 Annual Report. *Id.* ACQIS did not plead that those unidentified certificates are only or even primarily applicable to products sold in the United States. Nor did ACQIS actually allege that Lenovo Beijing manufactures products that are sold in the United States. At most, the complaint pleads facts that are "merely consistent" with the manufacture of products for the United States and "'stops short of the line between possibility and plausibility,'" and thus cannot support ACQIS's claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, nothing in ACQIS's complaint suggests that Lenovo Beijing manufactures products accused of infringement. Accordingly, ACQIS's vague allegations cannot justify the assertion of personal jurisdiction over Lenovo Beijing. *Cf. Mako Prod.*, 686 F.3d at 1347 (finding allegations of "shipment of an unspecified amount of products" that may not have included the accused product insufficient to

---

corporation to make the other its agent or alter ego, and hence fuse the two together for jurisdictional purposes." *Freudensprung*, 379 F.3d at 346. But ACQIS has alleged no such "agent or alter ego" theory of jurisdiction here. *See* Compl. ¶ 15.

support specific jurisdiction).

**C.  Lenovo PC HK, LCFC, and Lenovo Centro should be dismissed because they have no contact with Texas.**

Finally, the Court should also dismiss Lenovo PC HK, LCFC, and Lenovo Centro for lack of personal jurisdiction.  Although these three defendants are part of the manufacturing and distribution chain for Lenovo products, none have the minimum contacts with Texas required to subject them to personal jurisdiction here.

> **1.  *Lenovo PC HK, LCFC, and Lenovo Centro do not have minimum contacts with Texas that could support personal jurisdiction.***

In order to establish personal jurisdiction, ACQIS must show that Lenovo PC HK, LCFC, and Lenovo Centro have sufficient contacts with Texas.  *See* Fed. R. Civ. P. 4(k)(1)(A); *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1411-12 (Fed. Cir. 2009) (evaluating contacts with the forum state under Rule 4(k)(1)(A)).

Here, Lenovo PC HK, LCFC, and Lenovo Centro have no connection with Texas, much less the "minimum contacts" with Texas required to permit the exercise of personal jurisdiction. *See Int'l Shoe*, 326 U.S. at 316.  Lenovo PC HK, LCFC, and Lenovo Centro have not "purposefully established 'minimum contacts' in [Texas]," thus there can be no personal jurisdiction here.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (describing the "'purposeful availment' requirement" as the "constitutional touchstone" of the personal jurisdiction analysis). Furthermore, specific jurisdiction requires a showing that (1) "the defendant has purposefully directed his activities at residents of the forum"; (2) "the claim arises out of or relates to the defendant's activities with the forum"; and (3) "assertion of jurisdiction is reasonable and fair." *See Touchcom*, 574 F.3d at 1411.  Not one of the three prongs is met here.

*First*, the Court has no personal jurisdiction because Lenovo PC HK, LCFC, and Lenovo Centro have not purposefully directed their activities at residents of Texas by sending products to

Texas residents through established distribution channels. *See Touchcom*, 574 F.3d at 1411.[6] The two manufacturing entities, Lenovo Centro and LCFC, do not purposefully direct their activities at residents of Texas or the Texas market. LCT Decl. ¶ 8; LCFC Decl. ¶ 7. They do not customize products for sale in Texas, nor do they design products according to specifications specific to Texas. LCT Decl. ¶ 6; LCFC Decl. ¶ 5. Rather, Lenovo Centro and LCFC manufacture products for international distribution by Lenovo PC HK. LCT Decl. ¶¶ 5-6; LCFC Decl. ¶¶ 3-5. And Lenovo Centro and LCFC do not sell products or offer to sell products to Texas residents, nor do they import products into Texas. LCT Decl. ¶¶ 6, 8-9; LCFC Decl. ¶¶ 3, 7-8. Indeed, as noted above, Lenovo Centro is a *maquila* company that does not even have title to the Lenovo products that it manufactures. LCT Decl. ¶¶ 5-6. Simply put, neither Lenovo Centro nor LCFC has purposefully directed their activities at Texas and neither is subject to personal jurisdiction here. *See Touchcom*, 574 F.3d at 1411.

Lenovo PC HK, a worldwide distributor, also does not purposefully direct its activities at residents of Texas or the Texas market by sending products to Texas residents through established distribution channels. LPH Decl. ¶¶ 4-7. It does not sell products or offer to sell products to Texas residents, nor does it import products into Texas. *Id.* ¶¶ 6-8. Lenovo PC HK does not develop marketing plans for the Texas market or identify customers in Texas. *Id.* ¶ 7. Rather, Lenovo PC HK is a worldwide distributor that has a distribution agreement with Lenovo (United States) Inc. that covers the entire United States market. *Id.* And Lenovo (United States) Inc. is an independent distributor with discretion over how products are distributed in the market. *Id.* Accordingly,

---

[6] The Federal Circuit has recognized a split over whether there must be action purposefully directed toward the forum state or whether merely placing an article in the stream of commerce is sufficient, but has declined to resolve that dispute, instead applying both standards. *See, e.g.*, *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1363-66 (Fed. Cir. 2012) (finding no personal jurisdiction under either version of the stream of commerce theory).

Lenovo PC HK does nothing more than sell products to Lenovo (United States) Inc.—it engages in no activity purposefully directed at Texas and thus is not subject to personal jurisdiction here. *See Touchcom*, 574 F.3d at 1411.

*Second*, the Court has no personal jurisdiction because ACQIS's claim does not arise out of or relate to the defendants' activities in Texas. ACQIS asserts patent infringement that arises out of sales and importation of Lenovo computers, but none of the defendants sell or import Lenovo computers in Texas. LGL Decl. ¶ 5; LBIT Decl. ¶ 4; LCFC Decl. ¶ 8; LCT Decl. ¶ 9; LPH Decl. ¶ 8. Indeed, the only allegedly infringing activities in Texas that ACQIS identifies in its complaint—sales of allegedly infringing "Lenovo-brand" computers from the Lenovo website and the CDW website delivered to Texas, Compl. ¶ 45—are evidently not the defendants' actions. To the contrary, they are sales by CDW and Lenovo (United States) Inc., the company that operates Lenovo's U.S. website. Ex. B at 10; Ex. C at 1. To be sure, ACQIS alleges that the products were manufactured abroad, but that is neither activity in Texas nor a viable basis for allegations of patent infringement. *Cf.* 35 U.S.C. § 271 (addressing conduct "within the United States"). Accordingly, ACQIS's claim does not arise out of or relate to Lenovo PC HK, LCFC, or Lenovo Centro's activities in Texas, and there is no basis for the exercise of specific jurisdiction.

*Third*, the assertion of personal jurisdiction over Lenovo PC HK, LCFC, or Lenovo Centro is neither reasonable nor fair because it would reward ACQIS's forum shopping and evasion of venue rules to the detriment of the defendants, which are foreign corporations with no connection to Texas. In this litigation, ACQIS chose to sue six foreign defendants, while conspicuously failing to name as a defendant Lenovo (United States) Inc.—a company that actually imports and sells the allegedly infringing Lenovo-brand computers in the United States. Omitting the entity actually importing and selling the allegedly infringing products makes no substantive sense—indeed, it is

12

a decision that will likely mean that documents routinely produced by defendants in patent cases, e.g., records of U.S. sales and U.S. marketing materials, are available only through the time-consuming process of third-party discovery. Nonetheless, ACQIS appears to have named only foreign defendants in an effort to forum shop—venue over Lenovo (United States) Inc. would not be proper in this District, because it neither resides here nor has a regular and established place of business here, *see* 28 U.S.C. § 1400(b), venue restrictions that do not apply to foreign defendants. *See* 28 U.S.C. § 1391(c)(3). The Court should reject ACQIS's attempt to conduct an end-run around the venue rules at the expense of non-resident defendants with no connection to Texas. *See, e.g.*, *Bustos v. Lennon*, 538 F. App'x 565, 569 (5th Cir. 2013) (affirming dismissal over non-resident defendants where "the interstate judicial system's interest in the most efficient resolution of controversies strongly cuts against allowing [the plaintiff] to continue his forum-shopping").

Dismissal is particularly appropriate in this case, because there is no dispute that ACQIS has recourse to other, more suitable venues. *See, e.g.*, *Celgard LLC v. SK Innovation Co.*, No. 3:13-CV-00254-MOC, 2014 WL 4311035, at *5 (W.D.N.C. July 25, 2014) (recommending dismissal for lack of personal jurisdiction and noting that the plaintiff could have brought suit in another jurisdiction). Here, LCFC and Lenovo Centro supply products to Lenovo PC HK, which in turn sells them to a separate entity that imports Lenovo products and markets, sells, and distributes them in the United States—Lenovo (United States) Inc. LPH ¶¶ 3-4. Lenovo (United States) Inc. is headquartered in North Carolina and maintains a U.S. Fulfillment Center for Lenovo products in North Carolina. Ex. A, Ex. D at 6. And Lenovo PC HK has ties to North Carolina through its distribution agreement with Lenovo (United States) Inc. LPH Decl. ¶ 5. In contrast, the defendants have no contacts with Texas. They are foreign corporations that have not registered to do business in Texas, done business in Texas, had any places of business in Texas, had any

employees in Texas, or had any bank accounts or other assets in Texas for at least the last six years. LCFC Decl. ¶¶ 7-8; LCT Decl. ¶¶ 8-9; LPH Decl. ¶¶ 6-8. Accordingly, asserting personal jurisdiction over the defendants in Texas would be neither reasonable nor fair. *See Bustos*, 538 F. App'x at 569; *Celgard*, 2014 WL 4311035, at *5.

### 2. *ACQIS must show Lenovo PC HK, LCFC, and Lenovo Centro have contacts with Texas, not merely contacts with the United States.*

With respect to Lenovo PC HK, LCFC, or Lenovo Centro, ACQIS alleges jurisdiction exists pursuant to Rule 4(k)(2). Compl. ¶ 15. However, Rule 4(k)(2) allows for the exercise of jurisdiction based on contacts with the nation as a whole only if "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction." *See* Fed. R. Civ. P. 4(k)(2)(A); *Touchcom*, 574 F.3d at 1413. "'A defendant who wants to preclude the use of Rule 4(k)(2) has only to name some other state in which the suit could proceed.'" *Touchcom*, 574 F.3d at 1414-15 (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001) and adopting the Seventh Circuit approach). Lenovo PC HK, LCFC and Lenovo Centro are subject to specific jurisdiction in North Carolina with regard to ACQIS's allegations of patent infringement.

As Lenovo (United States) Inc. is primarily based in North Carolina, the ties of the three defendants are located there as well. For example, the distribution agreement between Lenovo PC HK and Lenovo (United States) Inc. allows Lenovo PC HK to inspect the offices and records of Lenovo (United States) Inc.—which are located in North Carolina. LPH Decl. ¶ 5. Indeed, the "stream of commerce" for Lenovo products is firmly grounded in its U.S. Fulfillment Center in Whitsett, North Carolina. Ex. D at 6. Accordingly, ACQIS could have brought its allegations of patent infringement against LCFC, Lenovo Centro, and Lenovo PC HK in North Carolina and Rule 4(k)(2) does not apply. *See* Fed. R. Civ. P. 4(k)(2)(A).

### 3. *ACQIS's vague and conclusory allegations cannot manufacture jurisdiction over Lenovo PC HK, LCFC, and Lenovo Centro.*

ACQIS's allegations regarding Lenovo PC HK, LCFC, and Lenovo Centro are also too vague, conclusory, and insufficient to establish jurisdiction over any of these defendants.

First, ACQIS devotes a single paragraph (¶ 7) of the Complaint to allegations regarding Lenovo PC HK's activity:

> Lenovo PC HK Limited is listed on at least one infringing Lenovo-brand product and on various manufacturing certification certificates applicable to products sold in the United States. Lenovo Group Limited's 2019/2020 Annual Report indicates that Lenovo PC HK Limited distributes IT products.

Neither allegation has any bearing on the jurisdictional inquiry. The allegation that Lenovo PC HK is "listed" on an allegedly infringing Lenovo-brand product and on manufacturing certification certificates does not show Lenovo PC HK is purposefully directing activity toward Texas—it does not even allege any activity by Lenovo PC HK, much less activity directed toward Texas. Similarly, the allegation that Lenovo PC HK "distributes IT products" does not plausibly allege activity directed toward Texas. Lenovo PC HK distributes IT products, but not in the United States. LPH Decl. ¶¶ 3-4, 7-8. Accordingly, ACQIS's allegations do not state a plausible basis for the assertion of personal jurisdiction over Lenovo PC HK. *See Touchcom*, 574 F.3d at 1411.

Second, ACQIS similarly addresses LCFC in just one paragraph (¶ 8) of the Complaint, which does not establish a basis for asserting jurisdiction in Texas:

> Publicly available import data indicates that LCFC (Hefei) Electronics Technology Co., Ltd. imports notebook computers into the United States. Lenovo Group Limited's 2019/2020 Annual Report indicates that LCFC (Hefei) Electronics Technology Co., Ltd. manufactures and distributes IT products.

Again, ACQIS does not allege any connection between LCFC and Texas, much less any activities purposefully directed at Texas. Indeed, ACQIS does not even directly allege that LCFC imports products into the United States, instead alleging that "[p]ublicly available import data indicates"

that LCFC imports computers into the United States. That allegation—which amounts to nothing more than an allegation that an unspecified source of unknown reliability lists LCFC as an importer—does not even plausibly show LCFC directs activity toward the United States, much less toward Texas. In fact, LCFC does ***not*** import any products into the United States. LCFC Decl. ¶ 8. ACQIS's allegations thus do not state a plausible basis for the assertion of personal jurisdiction over LCFC in this Court. *See Touchcom*, 574 F.3d at 1411.

Finally, ACQIS's allegations regarding Lenovo Centro—again, contained in a single short paragraph (¶ 11) of the Complaint—are also insufficient to establish a basis for asserting jurisdiction in Texas. ACQIS's allegations regarding Lenovo Centro's activity state:

> It is listed as Lenovo's Monterrey, México manufacturing center on the Lenovo website. Publicly available import data indicates that Lenovo Centro Tecnológico is a prolific importer of Lenovo products, including desktop computers, into the United States and specifically into Houston, Texas. A Lenovo-brand ThinkStation P330 SFF desktop and Lenovo ThinkSystem SR650 server which were purchased in the U.S. and delivered to this District are both marked as "Made in Mexico" with the ThinkStation P330 SFF specifically labeled as "Made in Monterrey."

Boiled down, ACQIS's allegations amount to two points, neither of which establishes a basis for jurisdiction. ACQIS's first point—that Lenovo Centro manufactures allegedly infringing Lenovo-brand products that are subsequently sold in Texas—is insufficient to support personal jurisdiction, because it does not show that ***Lenovo Centro*** purposefully directed any activity at Texas as opposed to simply manufacturing goods. Lenovo Centro is a *maquila* company that provides manufacturing as a service. LCT Decl. ¶¶ 5-6. It does not even own the products at any point, much less control where they are sold—rather, it transforms raw materials into finished products at the request of the other party to the *maquila* agreement. *Id.* Accordingly, ACQIS's allegation does not show that Lenovo Centro purposefully directed its activities toward Texas or injected the allegedly infringing products into a stream of commerce ending in Texas and thus cannot form the basis for an assertion of jurisdiction. *See Touchcom*, 574 F.3d at 1411; *cf. Hanson v. Denckla*, 357

U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.").

ACQIS's second point—that "[p]ublicly available import data indicates" that Lenovo Centro is a "prolific importer" into Houston, Texas—is insufficient for the same reasons described above. That an unidentified source of unknown reliability "indicates" Lenovo Centro imports products is not a plausible allegation that Lenovo Centro imports products. In fact, Lenovo Centro does *not* import any products into the United States, in Texas or otherwise. LCT Decl. ¶ 9. ACQIS cannot manufacture jurisdiction from allegations that an unidentified public source says otherwise.

## II. The Court Should Dismiss ACQIS's Complaint As To The Defendants In China And Mexico For Lack of Proper Service

The Court also lacks personal jurisdiction over four of the foreign defendants—Lenovo Beijing, Lenovo Shenzhen, LCFC, and Lenovo Centro—because they were not properly served. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied."). ACQIS purported to serve the defendants through substitute service on the Texas Secretary of State, *see* Dkt. Nos. 21-23, 25, but that substitute service is ineffective because these defendants are foreign corporations located in China and Mexico—signatories to the Hague Convention that objected to service via mail.

Service of corporations abroad is governed by Federal Rule of Civil Procedure 4(f). *See* Fed. R. Civ. P. 4(f), 4(h). Moreover, when the destination country is a signatory—as are China and Mexico, Ex. E at 2-4—the Hague Service Convention applies whenever "there is occasion to transmit a judicial or extrajudicial document for service abroad" and "pre-empts inconsistent methods of service prescribed by state law." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1998). And "in cases governed by the Hague Service Convention, service by mail

is permissible if . . . the receiving state has not objected to service by mail." *See Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017).

Here, ACQIS has attempted to serve Lenovo Beijing, Lenovo Shenzhen, LCFC (all located in China) and Lenovo Centro (located in Mexico) through the Texas Secretary of State. *See* Dkt. Nos. 21-23, 25; *see also* Dkt. Nos. 8-13, 16-17. Texas law requires that the Secretary of State send notice of service of process to a nonresident defendant via registered mail. *See* Tex. Civ. Prac. & Rem. Code § 17.045(a). Thus "[b]ecause the Secretary must mail the notice to Mexico [and China], this transmittal of service documents abroad implicates the Hague Convention and its requirements." *Alternative Delivery Sols., Inc. v. R.R. Donnelley & Sons Co.*, No. SA-05-CA-0172-XR, 2005 WL 1862631, at *2 (W.D. Tex. July 8, 2005). But both Mexico and China have objected to service via mail, Exs. F-I, thus service by mail on the defendants in Mexico and China is not permitted by the Hague Service Convention. *See Water Splash*, 137 S. Ct. at 1513. Accordingly, ACQIS's attempt at service through the Texas Secretary of State is insufficient. *See Alternative Delivery*, 2005 WL 1862631, at *2 (noting that service on a Mexican defendant "via the Texas Secretary of State is insufficient because it requires service by mail"); *Axford Consulting, L.P. v. Foster Jordan, LLC*, No. H-09-1899, 2009 WL 10711347, at *9 (S.D. Tex. Sept. 24, 2009) (finding service via the Secretary of State "insufficient for failure to comply with the requirements of the Hague Convention"). Lacking proper service, the Court has no jurisdiction over Lenovo Beijing, Lenovo Shenzhen, LCFC, or Lenovo Centro and must dismiss the allegations against them. *See Omni Capital*, 484 U.S. at 104; Fed. R. Civ. P. 12(b)(5).

## III. The Court Should Dismiss ACQIS's Claims Of Direct Infringement Because ACQIS Does Not Plausibly Allege Infringing Conduct By Any Named Defendant.

Not only has it failed to support its assertion of personal jurisdiction, ACQIS has not made plausible allegations of direct infringement by the named defendants—foreign corporations that

do not do business in the United States. Direct infringement requires conduct within the United States. *See* 35 U.S.C. § 271(a) ("whoever without authority makes, uses, offers to sell, or sells any patented invention, **within the United States** or imports **into the United States** . . ."); 35 U.S.C. § 271(g). All six named defendants, however, are foreign corporations that do not make, use, sell, or offer to sell products in the United States or import products into the United States. *See* LGL Decl. ¶ 5; LBIT Decl. ¶ 4; LCFC Decl. ¶ 8; LCT Decl. ¶ 9; LPH Decl. ¶ 8. To the contrary, another entity, Lenovo (United States) Inc., imports and sells Lenovo products in the United States. LPH Decl. ¶ 4. Accordingly, the named defendants cannot be liable for direct infringement, because they have not engaged in any allegedly infringing conduct in the United States, and foreign conduct cannot be direct infringement. *See* 35 U.S.C. §§ 271(a), (g); *see also Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 454-55 (2007) ("The presumption that United States law governs domestically but does not rule the world applies with particular force in patent law.").

ACQIS does not make plausible allegations of any conduct within the United States **by the named defendants**. Instead, ACQIS's allegations are directed to "Lenovo" generally, without distinguishing the named defendants from other Lenovo entities that actually operate in the United States. *See* Compl. ¶ 12 (alleging that "Defendants are part of the same corporate structure and distribution chain (**together with other Lenovo subsidiaries, affiliates, and intermediaries**) with respect to the manufacture, use, offering to sell, and/or sale of infringing Lenovo-brand computer products"); *see also id.* ¶¶ 13-231. Moreover, ACQIS actually concedes that it is other Lenovo entities and third-parties that actually sell the allegedly infringing products in the United States. *See id.* ¶ 45 ("Infringing Lenovo-brand laptop computers, desktop computers, and computer servers have been sold in the Western District of Texas **through one or more Lenovo U.S. subsidiaries and their distributors, through the Lenovo website, and/or through retailers**.").

ACQIS's assertions of collective liability—in complete disregard for the actual conduct and corporate identity of the defendants—cannot plausibly state a claim against the named foreign defendants. *See, e.g.*, *Barnett v. Am. Gen. Life Ins. Co.*, No. A-09-CA-935-SS, 2010 WL 11566353, at *3 (W.D. Tex. Oct. 7, 2010) (finding the "pleading standards are not even remotely satisfied" by "'naked assertions' of the collective liability of all Defendants" and dismissing plaintiff's claims against the relevant defendants).

ACQIS makes only a handful of allegations that are specific to the named defendants—none of which is sufficient to plead allegedly infringing conduct within the United States. *See* Compl. ¶¶ 6-11. For three of the defendants—Lenovo Group Limited, Lenovo PC HK, and Lenovo Beijing—ACQIS does not allege any conduct at all within the United States. *See id.* ¶¶ 6-7, 10. For the other three—LCFC, Lenovo Shenzhen, and Lenovo Centro—ACQIS alleges that "publicly available import data indicates" that each imports Lenovo products into the United States. *See id.* ¶¶ 8-9, 11. As discussed above, that is nothing more than an assertion that an ***unnamed source of unknown reliability*** says that the defendants import products into the United States—it is not even a factual allegation that the named defendants actually import ***any*** products into the United States, much less an allegation of the allegedly infringing act, importing ***the accused products***. And ACQIS does not allege that LCFC, Lenovo Shenzhen, and Lenovo Centro make, use, sell, or offer to sell any products within the United States. Accordingly, ACQIS's complaint does not allege any named defendant engaged in any allegedly infringing conduct in the United States and thus does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678; *see also* 35 U.S.C. § 271.

## CONCLUSION

For the foregoing reasons, the Court should grant the defendants' motion to dismiss as to all defendants.

Dated: January 4, 2021

Respectfully submitted,

/s/ J. Stephen Ravel
J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com

Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT, P.C.
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Email: efindlay@findlaycraft.com

*Attorneys for Lenovo Group, Ltd., Lenovo PC
HK Limited, LCFC (HEFEI) Electronics
Technology Co., Ltd., Lenovo International
Information Products (SHENZHEN) Co. Ltd.,
Lenovo (Beijing) Information Technology
Co., Ltd., and Lenovo Centro Technológico S.
de R.L. de CV*

OF COUNSEL:

John M. Desmarais (*Pro Hac Vice* to be filed)
Leslie M. Spencer (*Pro Hac Vice* to be filed)
Laurie N. Stempler (*Pro Hac Vice* to be filed)
Jeffrey Scott Seddon II (*Pro Hac Vice* to be
filed)
Jamie L. Kringstein (*Pro Hac Vice* to be filed)
Christian Dorman (*Pro Hac Vice* to be filed)
**Desmarais LLP**
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400
Email: jdesmarais@desmaraisllp.com
Email: lspencer@desmaraisllp.com
Email: lstempler@desmaraisllp.com
Email: jseddon@desmaraisllp.com
Email: jkringstein@desmaraisllp.com
Email: cdorman@desmaraisllp.com


Yong Wang (*Pro Hac Vice* to be filed)
**Desmarais LLP**
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900
Email: lwang@desmaraisllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 4, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Civil Rule CV-5.

*/s/ J. Stephen Ravel*
J. Stephen Ravel

**Appendix A – Summary of Defendants**

| Company | Place of Incorporation | Primary Place of Business | Role | Location of Product Sales | U.S. Presence | U.S. Sales |
|---|---|---|---|---|---|---|
| **Lenovo Shenzhen** | China | None | None | None | None | None |
| **Lenovo Group Ltd.** | Hong Kong | Hong Kong | Holding Company | None | None | None |
| **Lenovo Beijing** | China | Beijing, China | Chinese Distributor | China | None | None |
| **LCFC** | China | Hefei, China | Manufacturer | China | None | None |
| **Lenovo Centro** | Mexico | Monterrey, Mexico | *Maquila* Manufacturer | None | None | None |
| **Lenovo PC HK** | Hong Kong | Hong Kong | International Distributor | Overseas | None | None |