IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **ACQIS LLC,** a Texas limited liability company, | § § § | |
| **Plaintiffs,** | § § | NO. 6:20-CV-00967-ADA |
| v. | § § | |
| **LENOVO GROUP LTD.,** a China corporation, and **LENOVO PC HK LIMITED**, a China corporation, | § § § | |
| **Defendants.** | | |

## ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

Came on for consideration this date is Plaintiff's Motion for Leave to Effect Alternative Service on Chinese Defendants LCFC (Hefei) Electronics Technology Co., Ltd. ("LCFC"), Lenovo Information Products (Shenzen) Co., Ltd. ("LIPC"), and Lenovo Centro Tecnologico S de R.L. de CV ("LCT") (collectively, the "Dismissed Lenovo Defendants"). ECF No. 115. After careful consideration of the Motion and the applicable law, the Court **DENIES** Plaintiff's Motion without prejudice.

### I. BACKGROUND

Plaintiff ACQIS LLC sued Lenovo Group Ltd., Lenovo PC HK Limited, LCFC, LIPC, Lenovo (Beijing) Information Technology Co., Ltd., and LCT for patent infringement. ECF No. 1. LCFC (Hefei) and LIPC (Shenzhen) are Chinese entities, and LCT is a Mexican entity. ECF No. 115 at 6. ACQIS seeks an order from the Court permitting alternative service on LCFC, LIPC, and LCT pursuant to Federal Rule of Civil Procedure 4(f)(3).

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that when a foreign corporation is served outside of the United States it must be "in any manner prescribed by Rule 4(f) for serving an

1

individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.*, No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R. Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (emphasis in original).

### III. ANALYSIS

**A.     Granting ACQIS's Motion would not comply with Principles of Comity.**

The Court will not permit alternative service here where ACQIS has not shown that it has at least made some effort to serve the Dismissed Lenovo Defendants through other means first. The Federal Rules of Civil Procedure do not demand that a plaintiff "attempt to effect service under Rule 4(f)(1) before requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 U.S. Dist. LEXIS 122328, at *4–5 (W.D. Tex. July 13, 2020) (quoting *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 U.S. Dist. LEXIS 185740, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014)).

Indeed, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' . . . It is merely one means among several which enables service of process on an international defendant." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (quoting *Forum Fin. Grp. v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)). But, as this Court has recognized, "district courts are more likely to permit alternative service by email if service in compliance with the Hague Convention was attempted." *Terrestrial*

*Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 106909 (W.D. Tex. June 17, 2020) (collecting cases). Indeed, this Court has time-and-again recognized that "principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *Id.* at *6 (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 U.S. Dist. LEXIS 60665, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)). Here, just as in *Monolithic Power Systems, Inc. v. Meraki Integrated Circuit Technology, LTD.*, the Court will exercise its discretion to deny ACQIS's motion for alternative service for failing to first attempt service on LCFC, LIPC, and LCT pursuant to the Hague Service Convention in a manner that is consistent with the principles of comity. No. 6:20-CV-00876-ADA 2021 WL 4974040 (N.D. Tex. Oct. 25, 2021).

**B.     The Dismissed Lenovo Defendants are unnecessary to the current matter.**

ACQIS argues that alternative service is necessary because the Dismissed Lenovo Defendants worked "in consort" with the current Defendants to manufacture, import, and sell the accused products in "violation of ACQIS' patent rights." ECF No. 123 at 4–5. Additionally, ACQIS contends that it would be prejudiced if the Dismissed Lenovo Defendants were excluded because they are important parties to this case due to the key evidence in their possession. *Id.* at 6. Thus, ACQIS requests that the Court permit ACQIS to serve the Dismissed Lenovo Defendants U.S.-based counsel via email to bring them back into the case. *Id.*

Lenovo argues that ACQIS has no legitimate need to bring the Dismissed Lenovo Defendants back into the current case. ECF No. 122 at 6. First, ACQIS did not allege separate acts of infringement on any of the Dismissed Lenovo Defendants. *Id.* Second, the Dismissed Lenovo Defendants are not necessary to satisfy any possible judgment against the current

defendants. *Id.* Third, the current defendants "agreed to conduct reasonable searches for responsive documents in the control of affiliates, including the manufacturers, where relevant." *Id.* Lenovo points out that it has produced many documents "from the foreign manufacturers," showing the Dismissed Lenovo Defendants are unnecessary for this case. *Id.*

The Court does not find ACQIS's arguments persuasive. While ACQIS contends that the Dismissed Lenovo Defendants are critical to the case due to the key evidence in their possession, Lenovo has provided documents obtained from the foreign manufacturers. *Id.* Although ACQIS claims that adding the foreign manufacturers would allow it to conduct depositions to make sense of the documents, the Court does not find that assertion strong enough to exercise its discretion to grant leave for alternative service.

**C.    The likely complications and delays outweigh any potential benefit of including the Dismissed Lenovo Defendants.**

ACQIS argues that serving the Dismissed Lenovo Defendants would not interfere with the current scheduling order and would be the most efficient way to resolve all of ACQIS's claims. ECF No. 115 at 9; ECF No. 123 at 6. ACQIS also argues that any issues that would force the Court to determine personal jurisdiction issues and Rule 12 compliance would not further complicate the case because they would only be "run-of-the-mill." *Id.* Furthermore, ACQIS points out that no presently identified foreign laws would create restrictions and complications. *Id.*

Lenovo argues that adding the Dismissed Lenovo Defendants would unnecessarily complicate the case, likely delaying the case's schedule. ECF No. 122 at 7. Lenovo states that the Court would have to adjudicate previously mooted issues such as "lack of personal jurisdiction and failure to state a claim for direct infringement, indirect infringement, and willful

infringement." *Id.* Additionally, including two more foreign entities with different legal systems "would likely…complicate and delay this case."

The Court does not find ACQIS's arguments persuasive. The claimed benefits of access to discovery from alternative service do not outweigh the possible complications and delays from adding the Dismissed Lenovo Defendants. Thus, the Court will not exercise its discretion and denies ACQIS's motion.

## IV. CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Alternative Service is **DENIED WITHOUT PREJUDICE.**

SIGNED this 9th day of June, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE