IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ACQIS LLC, a Texas limited liability company, | § § § | |
| *Plaintiff*, | § | No. 6:20-CV-00967-ADA |
| | § | |
| *v.* | § | |
| | § | |
| LENOVO GROUP LTD., et al. | § | |
| | | |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration Defendants Lenovo Group Ltd. and Lenovo PC HK Limited's ("Defendants" or collectively, "Lenovo") Motion to Dismiss Plaintiff's Claims of Direct Infringement (ECF Nos. 29, 60) and Defendants' Motion to Dismiss Indirect Infringement, Willful Infringement, and Enhanced Damages (ECF No. 30). Plaintiff ACQIS LLC ("Plaintiff" or "ACQIS") responded to the Motion to Dismiss Claims of Direct Infringement, ECF No. 74, to which Lenovo replied. ECF No. 79. ACQIS responded to Defendants' Motion to Dismiss Plaintiff's Claims of Indirect Infringement, Willful Infringement, and Enhanced Damages (ECF No. 46), and shortly thereafter filed an amended opposition (ECF No. 49). Lenovo timely replied. ECF No. 50. ACQIS then filed a sur-reply. ECF No. 51. After careful consideration of the Motions, the Parties' briefs, and the applicable law, the Court **DENIES** Lenovo's Motions to Dismiss.

## I.     BACKGROUND

On October 15, 2020, ACQIS filed suit against Lenovo. ECF No. 1. ACQIS then, pursuant to a stipulation, filed a First Amended Complaint on May 28, 2021 (ECF No. 58, the

"Complaint"), accusing several Lenovo Defendants of infringing nine patents: U.S. Patent Nos.

9,529,768 ("the '768 Patent"), 9,703,750 ("the '750 Patent"), 8,756,359 ("the '359 Patent"),

8,626,977 ("the '977 Patent"), RE44,739 ("the '739 Patent"), 8,977,797 ("the '797 Patent"),

9,529,769 ("the '769 Patent"), RE45,140 ("the '140 Patent"), and RE44,654 ("the '654 Patent")

(collectively, the "ACQIS Patents"). ECF No. 58 ¶ 2. The Complaint identifies Lenovo-brand

computer products that allegedly infringe the ACQIS Patents through manufacture, sale, use,

testing, and importation by Lenovo or inducement of third parties to engage in the same. *Id.* ¶ 3.

## II.    LEGAL STANDARD

### A. Pleading Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

claim upon which relief can be granted is "a purely procedural question not pertaining to patent

law," and so the law of the Fifth Circuit controls. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354,

1356 (Fed. Cir. 2007). When considering such motions, this Court "accepts all well-pleaded facts

as true, views them in the light most favorable to the plaintiff, and draws all reasonable

inferences in the plaintiff's favor." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir.

2021).

Rule 12(b)(6) requires that a complaint contain sufficient factual matter to "state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the

plaintiff must plead "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a

defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id*. In resolving a motion to dismiss

for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . .

but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Thus, when addressing a motion to dismiss, the Court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF*, 15 F.4th at 361.

## B. Willful Infringement

Under Section 284 of the Patent Act, a court may increase damages for patent infringement "up to three times the amount found or assessed." 35 U.S.C. § 284. A party seeking such "enhanced damages" must show that an infringer's conduct has been "willful," or "wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04 (2016). Enhanced damages should "generally be reserved for egregious cases typified by willful misconduct." *Id.* at 106.

To state a claim for relief for willful patent infringement, a plaintiff must allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (quoting *Välinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).

3

## C.  Induced Infringement

Section 271(b) of the Patent Act provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To succeed on such a claim, the patentee must show that the accused infringer (1) knowingly induced direct infringement and (2) possessed "specific intent" to induce that infringement. *See MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). Willful blindness can satisfy the knowledge requirement, *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016), and circumstantial evidence may suffice to prove specific intent, *MEMC*, 420 F.3d at 1378.

To state a claim for relief for induced patent infringement, "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376–77 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)). "[T]here can be no inducement or contributory infringement without an underlying act of direct infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-cv-00134-LY, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015). "To state a claim for indirect infringement . . . a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d at 1336.

## D.  Contributory Infringement

Section 271(c) of the Patent Act provides that:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine,

> manufacture, combination or composition, or a material or
> apparatus for use in practicing a patented process, constituting a
> material part of the invention, knowing the same to be especially
> made or especially adapted for use in an infringement of such
> patent, and not a staple article or commodity of commerce suitable
> for substantial noninfringing use, shall be liable as a contributory
> infringer.

35 U.S.C. § 271(c). Contributory infringement of a patented device involves the sale, offer to

sell, or importing of a component of the device, which is "not itself technically covered by the

claims of a product or process patent." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d

1464, 1469 (Fed. Cir. 1990). Unlike induced infringement, contributory infringement requires

"only proof of a defendant's *knowledge*, not *intent*, that his activity cause[s] infringement."

*Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990) (emphasis in

original). But "[l]ike induced infringement, contributory infringement requires knowledge of the

patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575

U.S. 632, 639 (2015).

To state a claim for contributory infringement, "a plaintiff must plausibly allege that the

accused infringer knew of the asserted patents . . . and must 'plead facts that allow an inference

that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v.

Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (first citing *Commil*, 575 U.S. at 639; and

then quoting *In re Bill of Lading*, 681 F.3d at 1337).

### III.   ANALYSIS

#### A.  ACQIS Has Sufficiently Pleaded Direct Infringement

ACQIS sufficiently pleads direct infringement of the ACQIS Patents under 35 U.S.C.

§ 271(a). Lenovo claims the six named defendants are all "foreign corporations who do not

make, use, sell or offer to sell products in the United States or import products into the United

States." ECF No. 29 at 19. Lenovo states that the alleged infringing conduct—importing into and

selling Lenovo products in the United States—is committed by Lenovo (United States) rather than the named defendants. *Id.* Lenovo contends the named defendants cannot be liable for direct infringement because they did not engage in the infringing conduct alleged and because foreign conduct cannot constitute direct infringement. *Id.* Lenovo alleges that ACQIS's allegations are conclusory and simply parrot the language of the statute and asserts the only direct infringement claim ACQIS makes is against LCFC, LIPC, and Lenovo Centro. ECF No. 79 at 9. Because the Court has determined that ACQIS improperly served three named defendants, any related arguments are moot. For the remaining entities, Lenovo claims ACQIS does not allege any conduct pertinent to them. *Id.* at 10.

In response, ACQIS asserts its complaint alleges that "Lenovo sells a patented invention in the United States or imports a product that is made using a patented process into the United States." ECF No. 74 at 19 (citing ECF No. 58 ¶¶ 15, 44, 48). ACQIS argues this should be sufficient to put Lenovo on notice of ACQIS's claims because Lenovo's arguments are merely that ACQIS made allegations against Lenovo as a group rather than as specific defendants. *Id.* at 19–20 (citing *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, 2020 U.S. Dist. LEXIS 52162, at \*15 (E.D. Tex. Mar. 25, 2020)). Moreover, ACQIS claims group pleading is necessary because Lenovo obfuscates corporate distinctions by referring to itself as the "Group." *Id.* at 20. ACQIS argues it sufficiently pleads direct infringement by identifying the role of the named defendants in the manufacturing and importation of products. *Id.* Since Defendants operate as a single entity under the control of LGL they can be liable even if a specific defendant does not directly import products. *Id.* (citing ECF No. 58 ¶¶ 6–12).

The Court agrees that ACQIS sufficiently states its claim for direct infringement. "Whilst a pleading, group or otherwise, must be sufficiently clear to put the defendants on notice as to

6

who did what to whom, when, where and why, group pleadings are not, *prima facie,* excluded by Rule 8(a). At the motion to dismiss stage a complaint generally will only be dismissed where it is 'entirely implausible' or impossible for the grouped defendants to have acted as alleged." *Zond, Inc. v. Fujitsu Semiconductor Ltd.*, 990 F. Supp. 2d 50, 53 (D. Mass. 2014) (internal citations and quotation marks omitted). *Canon* also allows for group pleading as long as the defendant has fair notice of what the claim is and the grounds upon which it rests. 2020 U.S. Dist. LEXIS 52162, at *15. Here, "despite making all allegations in the [] amended complaint against the [Lenovo] corporate group, [ACQIS] provides each individual defendant with fair notice of each claim alleged against it." *Fujitsu*, 990 F. Supp. 2d at 53; *see* ECF No. 58 ¶¶ 6–12. "[T]he consistency of the subject of the pleading in this case, despite its group format, means that it can be reasonably inferred that each and every allegation is made against each individual defendant. *Id.* at 53–54. ACQIS's allegations of an obfuscated corporate structure also carry weight. As noted in *Fujitsu*:

> [D]etermining the exact operations of the [defendant's] corporate group, and thus the relevant assignment of potential liability, requires corporate structure information that is not readily available to the public. It would seem illogical to allow [the defendant] potentially to escape liability because of its ability to keep its corporate structure confidential.

*Id.* at 53. Lenovo rebuts these allegations in its reply, stating: "Furthermore, discovery has revealed that those conclusory allegations are contradicted by the so-called 'import data' on which they rely…" ECF No. 79 at 10. But this is exactly the point—the pleadings and proof stages carry different standards. ACQIS's pleadings suffice, but Lenovo will be able to defend itself from the claims at the proof stage. And with the benefit of discovery, ACQIS will be able to narrow the issues or prove its multi-national conglomerate theory. Therefore, the Court is

7

satisfied that ACQIS sufficiently alleges a claim for direct infringement for the properly-served defendants.

### B. ACQIS Has Sufficiently Pleaded Willful Infringement

To state a claim for willful infringement, a plaintiff must allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys.*, No. 19-cv-667, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019). Lenovo challenges ACQIS's compliance with all three elements, failing in varying degrees.

Lenovo asserts that the Court should dismiss the willful infringement claims for several reasons, including: (1) the Complaint does not plausibly allege pre-suit knowledge of the ACQIS Patents; (2) ACQIS fails to allege that the Lenovo Defendants knew, or should have known, of the alleged infringement; (3) the facts do not raise a plausible inference of egregious behavior; and (4) any alleged knowledge of a single Lenovo entity should not be imputed to all Lenovo entities. ECF No. 30 at 6. Lenovo originally claimed it never received the "purported" letter dated May 15, 2018 (the "Letter"). *Id.* However, in its reply, Lenovo now concedes the Letter exists but claims ACQIS's allegations are directly contradicted by the Letter and are not entitled to a presumption of truth. ECF No. 50 at 1. Thus, Lenovo attempts to distinguish this case from the Rule 12(b)(6) standard, which requires the Court to construe all well-pleaded factual allegations as true, citing alleged contradictions between the Letter and the Complaint. ECF No. 50 at 2 (citing *In re Anadarko Petroleum Corp. Class Action Litig.*, 957 F. Supp. 2d 806, 814 n.4 (S.D. Tex. 2013)).

Lenovo asserts the Letter's only purpose was to communicate Plaintiff's desire to enter into a partnership and failed to notify Lenovo of any alleged infringement. *Id.* In its reply, Lenovo attempts to highlight several potential contradictions between the allegations in the Complaint and the content of the Letter. First, Lenovo claims the Letter "did not address infringement of the ACQIS Patents ***at all*** aside from referencing a past infringement lawsuit." ECF No. 50 at 2 (citing ECF No. 46-1 at 2) (emphasis in original). Specifically, Lenovo claims the Letter does not state: (1) that any Lenovo product infringes the ACQIS Patents; (2) the Patents are necessary or essential to Lenovo products; or (3) that any Lenovo products use ACQIS's technology. *Id.* at 4. Second, Lenovo argues that the Letter simply provides one "example" of ACQIS's twenty-year developmental efforts and nothing in the Letter connects the ACQIS Patents to the accused functionalities or explains how the accused functionalities infringe. *Id.* at 4–5. (citing ECF No. 46-2 at 2). Third, Lenovo asserts the Letter only states ACQIS's Patents "are relevant to all your X86 compatible computer products" and fails to specifically identify the infringing technologies. *Id.* at 5 (citing ECF 46-2 at 3). Fourth, Lenovo claims the Letter merely described the enforcement history of ACQIS's patent portfolio. *Id.* Finally, Lenovo asserts the Letter only stated ACQIS "would be interested in discussing investment in our company or other licensing arrangements with you." *Id.* Based on these alleged contradictions, Lenovo claims it had no knowledge of the ACQIS Patents.

In response, ACQIS challenges Lenovo's claim that it should be given a more deferential standard of review and that all of Lenovo's arguments are outside the scope of the Complaint. ECF No. 49 at 7. ACQIS outlines that it adequately alleged knowledge through the Letter which: (1) identified all of the asserted patents; (2) described the applicability of the Patents to the computer technology; (3) specifically identified Lenovo's infringing equipment; (4) described the

enforcement history of their patent portfolio; (5) noted a prior lawsuit enforcing the Patents; and (6) invited Lenovo to discuss potential licensing arrangements. *Id.* at 7–8. (citing ECF No. 1 ¶¶ 101–102). ACQIS alleges that this Court has found pre-suit knowledge based on the receipt of two letters identifying the patents. ECF No. 49 at 8 (citing *Parity Networks, LLC*, 2019 WL 3940952, at *3).

Likewise, ACQIS states that any arguments Lenovo makes about the validity or reception of the Letter are inapplicable. ECF No. 49 at 10. ACQIS argues that under the mailbox rule Lenovo is "*presumed to*" have received the letter by virtue of it being sent. *Id.* (emphasis in original).  Should Lenovo want to challenge that presumption, it must make a Rule 56 motion, not a Rule 12 motion. *Id.* Accordingly, it would take an unfavorable inference by the Court to rule in Lenovo's favor. Ultimately, ACQIS argues it was not required to attach the Letter to the Complaint, but if the Court disagrees, requests in the alternative to be allowed to amend the Complaint. *Id.* at 10–11.

### 1.  *Knowledge of the Patents*

Lenovo's Motion to Dismiss demands far too much at the pleading stage, in effect requiring ACQIS to prove its case at the outset. But ACQIS sufficiently pleads facts surrounding a notice letter it sent to Mr. Yang, the CEO of Lenovo. ECF No. 58 ¶¶ 101–106. The Complaint details the contents of the Letter. *Id.* And having viewed the contents of the Letter as an exhibit to ACQIS's response (ECF No. 46-2), Lenovo's arguments of purported contradictions with the pleadings and briefing ring hollow. The Court finds that the Complaint and briefing accurately describe the Letter. Importantly, the Letter lists each of the ACQIS Patents along with a detailed explanation of their confirmed validity and successful litigation history. This is sufficient to meet the knowledge element. *See Parity*, 2019 U.S. Dist. LEXIS 144094, at *8 (holding that

allegations regarding defendant's receipt of a notice letter was sufficient to plead willfulness where the notice letter identified the whole portfolio); *see also VoIP-Pal.com, Inc. v. Facebook, Inc.*, No. 6:21-CV-00665-ADA, 2022 U.S. Dist. LEXIS 79779, at *6–7 (W.D. Tex. May 3, 2022) (holding pre-suit willfulness sufficiently pleaded where there was a notice letter identifying a patent application, the complaint alleged that defendant was monitoring plaintiff's portfolio, and there was ongoing patent litigation involving the parties); *Proxense v. Samsung*, No. 6:21-cv-210, slip op. (W.D. Tex. Dec. 20, 2021) (holding that allegations regarding defendant's receipt of a notice letter were sufficient to plead willfulness where the notice letter included the patent application that matured into asserted patent, the accused products, and claim charts).

### 2. *Knowledge of Infringement*

ACQIS sufficiently *pleads* knowledge of infringement. Specifically, the Complaint, and the Letter, apply the ACQIS Patents to the products accused in this case. *See* ECF No. 58 ¶¶ 101–03 (alleging the notice letter "described the applicability of the ACQIS Patents to the PCI Express, USB 3.0, and other computer interface technologies. ACQIS's letter specifically identified Lenovo's various laptop, desktop and server brands, including the Accused Laptops, Accused Desktops, and Accused Servers addressed herein as using ACQIS' patented technologies . . . ACQIS invited Lenovo to discuss potential licensing arrangements to allow Lenovo to continue to utilize the patented technologies in the ACQIS patent portfolio, including the ACQIS Patents. Lenovo did not respond to ACQIS's May 15, 2018 letter and continues to make, import, and sell the Accused Lenovo Products identified in ACQIS's letter in willful violation of ACQIS' patent rights, or at the very least in reckless disregard of ACQIS' patent rights."). ACQIS pleads a notice letter with contents addressing the ACQIS Patents and accused

11

products and technology. This is sufficient. Lenovo seemingly suggests that more direct language is required to meet this pleading element of a willfulness claim. The Court disagrees. It is entirely clear from the contents of this Letter that ACQIS is raising a concern of infringement of its patents, albeit without explicitly saying "You infringe." Instead, ACQIS simply takes a more soft-handed approach to express its "[commitment] to entering into a mutually-beneficial business relationship with Lenovo." ECF No. 49-2 at 3. But everything in the Complaint and the Letter clearly indicates concerns of infringement and the hope to find a resolution. For these reasons, ACQIS has met the pleading standard regarding knowledge of the infringing activity.

### 3. ACQIS Does Not Need To Plead Egregiousness

Lenovo complains that ACQIS's allegations fail to raise a plausible inference of egregious behavior required under *Halo*. ECF No. 30 at 10 (first quoting *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 18-cv-309, 2018 WL 8261315, at *3–4 & n.2 (W.D. Tex. Nov. 30, 2018); and then citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 110 (2016) (Breyer, J., concurring). As the Court previously noted in *Billjco, LLC v. Apple Inc.*: "This Court will follow *Välinge* in refusing to impose an egregiousness pleading requirement." No. 6:21-cv-00528-ADA, 2022 U.S. Dist. LEXIS 17605, at *15 (W.D. Tex. Feb. 1, 2022); *see also Core Optical Techs., LLC v. Juniper Networks Inc.*, 562 F. Supp. 3d 376, 381 (N.D. Cal. 2021) (interpreting *Eko Brands* to suggest that plaintiffs need not plead egregiousness) (citing *Eko Brands LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367 (Fed. Cir. 2020)); *Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*, 564 F. Supp. 3d 1126, 1147 (D. Utah Sept. 23, 2021) (same).

### 4.   *ACQIS Sufficiently Pleads Knowledge for All Lenovo Entities*

Lenovo additionally argues there is no basis to impute knowledge to all of the Lenovo entities, citing that this Court has held that as long as corporate formalities and separateness are followed even related entities are distinct. ECF No. 50 at 5–6 (citing *Optic153 LLC v. Thorlabs Inc.*, 2020 WL 3403076, at *2–3 (W.D. Tex. June 19, 2020).  Per Lenovo, ACQIS purportedly failed to allege any facts that Lenovo disregarded these formalities. *Id.*  Additionally, Lenovo states that the knowledge of a patent by a parent corporation is not necessarily imputed to its subsidiary and ACQIS must have "set out" more than bare facts of the parent/subsidiary relationship to plausibly allege the subsidiary had knowledge of the patent but ACQIS did not. *Id.* at 7. In support for this conclusion, Lenovo notes the Letter was not addressed to LGL's principal place of business in Hong Kong. *Id.*  Instead, the Letter was addressed to Mr. Yang Yuanqing, the Chairman and Chief Executive Officer of Defendant LGL, at the Beijing, China office. Lenovo argues this discrepancy failed to impute proper notice to the recipient Defendants. Additionally, Lenovo contends the Complaint fails to allege any basis to infer that the Letter was sent to the other Lenovo Defendants. Lenovo argues that because ACQIS noted that Defendants have unique alleged roles in the supply chain, ACQIS is prohibited from imputing any Lenovo entity's knowledge to others. *Id.* at 7–8.

ACQIS responds by arguing that pre-suit knowledge applies to all Lenovo entities and claims because all of the Lenovo Defendants are part of a family subject to common ownership and control—Lenovo operates as a single multinational conglomerate. ECF No. 49 at 13. Accordingly, while notice to a corporation is not "necessarily" imputed to its subsidiaries, it is imputed between those who are affiliated in certain factual circumstances. ECF No. 49 at 12 (citing *Hockerson-Halberstadt, Inc. v. JSP Footwear, Inc.*, 104 F. App'x 721, 725). ACQIS

highlights that finding the allegations as insufficient would create a "perverse incentive" to create a "corporate disguise." *Id.* Additionally, ACQIS argues that absent discovery, it should not be required to distinguish related corporate entities and notes that many courts do not even require any factual allegations distinguishing related corporate entities at the pleading stage. *Id.* at 14.

The Court finds that ACQIS's pleadings sufficiently impart knowledge on each of the Lenovo entities. The Letter was directed to Mr. Yang, the Chairman and Chief Executive Officer of Lenovo Group Ltd. Moreover, the pleadings indicate ACQIS's allegations of "a multinational conglomerate that operates under the name 'Lenovo.'" ECF No. 58 ¶ 6. While ACQIS may not yet have proven its theory, it has adequately pleaded it. Lenovo's cited cases are inapposite. First, imputing property from a parent company to a subsidiary in a jurisdictional context differs from pleading knowledge imputed between defendants that allegedly constitute a multi-national conglomerate. Lenovo's own case citations illustrate this difference. ECF No. 30 at 8; *Compare Nat'l Steel Car Ltd. v. Greenbrier Companies, Inc.*, No. 6:19-CV-00721-ADA, 2020 WL 4289388, at *4 (W.D. Tex. July 27, 2020) (finding no "clear evidence to rebut the institutional independence of related corporate entities" in the a motion to dismiss for improper venue or transfer), *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2–3 (W.D. Tex. June 19, 2020) (refusing to impute a subsidiary's place of business on a defendant in a motion to dismiss for improper venue where corporate formalities are observed), *and Interactive Toybox, LLC v. Walt Disney Co.*, No. 1:17-CV-1137-RP, 2018 WL 5284625, at *3–4 (W.D. Tex. Oct. 24, 2018) (finding no evidence "to overcome the presumption of corporate separateness" in a motion to dismiss for improper venue), *with Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-CV-00026-DC, 2019 WL 3818049, at *4 (W.D. Tex. June 13,

2019) (finding that "Plaintiff has sufficiently articulated facts from which a finder of fact could conclude that this knowledge was imputed to all the other Defendants through the common ownership and governance of each company" for a motion to dismiss claims of indirect infringement), *Hockerson-Halberstadt, Inc. v. JSP Footwear, Inc.*, 104 F. App'x 721, 725 (Fed. Cir. 2004) (reversing summary judgment that notice could not be imputed, further clarifying that such an "outcome could create a perverse incentive and method to disguise the true identity of an infringing party" and that "[s]everal layers of corporate disguise could successfully frustrate adequate notice"), *Mobile Telecomms. Techs., LLC v. Blackberry Corp.*, No. 3:12-cv-1652-M, 2016 U.S. Dist. LEXIS 55206, at *7–8 (N.D. Tex. Apr. 26, 2016) (holding that "the specific facts establishing that knowledge may be imputed" did not need to "be alleged in order to avoid dismissal at the pleading stage"), *and Canon, Inc. v. TCL Elecs Holdings Ltd.*, No. 2:18-CV-00546-JRG, 2020 U.S. Dist. LEXIS 52162, at *15–16 (E.D. Tex. Mar. 25, 2020) (holding that allegations of infringement against "Defendants," encompassing related entities, was sufficient to provide "fair notice" of the claims). ACQIS has properly pleaded its claims for willful infringement.

### C.  ACQIS Has Sufficiently Pleaded Induced Infringement

Lenovo contends ACQIS fails to sufficiently allege induced infringement because the Complaint lacks facts regarding knowledge of the patents, that Lenovo knew that the induced acts constituted infringement, or that Lenovo had specific intent. ECF No. 30 at 12–14. In its reply, Lenovo focuses its argument on a lack of "plausible facts showing that any of the Lenovo Defendants had the specific intent to induce its customers to infringe the ACQIS Patents." ECF No. 50 at 8–9.

15

ACQIS argues its allegations are not conclusory as it specifically alleges "Lenovo knows and specifically intends that end users will use the Accused Lenovo Products in an infringing manner as directed by Lenovo." ECF No. 58 ¶ 111. Additionally, ACQIS claims induced infringement exists because the configuration "*necessarily*" occurs upon the very operation in the normal, intended manner without any specific action of the end user other than turning on the device. ECF No. 49 at 15 (emphasis in original). Moreover, ACQIS asserts that in seeking regulatory approval, advertising, and customer support, Lenovo further induced its customers to infringe. *Id.*

The Court does not find Lenovo's argument persuasive. As addressed earlier, ACQIS sufficiently pleads knowledge of the ACQIS Patents. ACQIS also sufficiently alleges that Lenovo "knowingly induced a third party to infringe the patents," ECF No. 30 at 11–12 (citing *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. 13-cv-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014)), by alleging knowledge and acts of inducement. ECF No. 58 ¶ 112 ("Lenovo has induced others' direct infringement as stated above despite actual notice that the Accused Lenovo Products infringe the ACQIS Patents, as set forth herein. Lenovo therefore has caused its purchasers and end users to directly infringe the ACQIS Patents with knowledge of the ACQIS Patents and with the specific intent, or at the very least willful blindness, that the purchasers and end users will directly infringe. Lenovo knew the acts it induced (like importation, US retail sales, and use by consumers) constituted infringement."). ACQIS alleges that as a result of the inducement, the third parties directly infringe the ACQIS Patents. *Id.* ¶ 111 ("On information and belief, Lenovo has configured the Accused Lenovo Products in such a manner that direct infringing use necessarily occurs upon operation of the Accused Lenovo

16

Products in their normal, intended manner without any specific action of the end user other than turning on the product.").

When assessing intent, it is important that a court avoid analyzing individual facts in isolation and without reference to the background of the patent. *In re Bill of Lading*, 681 F.3d at 1343. Moreover, ACQIS's burden is that of pleading plausibility, not yet proof. *Id.* at 1339. When looking at the facts in toto, ACQIS sufficiently pleads specific intent. ACQIS identifies a notice letter that outlines the patents and accused technology. Whether by willful blindness or specific intent, supported by a failure to respond to the Letter, Lenovo continued to induce infringement via regulatory approval, advertising, and customer support. Each of these facts, among others, supports ACQIS's plausible claim of induced infringement.

### D. ACQIS Has Sufficiently Pleaded Contributory Infringement

ACQIS has sufficiently pleaded contributory infringement. Lenovo argues that ACQIS failed to plead pre-suit knowledge of the patents, which is required to succeed on a contributory infringement claim. ECF No. 30 at 21. Lenovo also contends that ACQIS's contributory infringement claims lack allegations that the accused products have no substantial non-infringing uses. *Id.* Instead, Lenovo states that ACQIS conclusively alleges that the accused products "are not staples of commerce with substantial non-infringing uses." *Id.* (citing ECF No. 58 ¶ 107).

ACQIS argues Lenovo's characterization of the pleadings is a misrepresentation of the actual facts contained in the Complaint. ECF No. 49 at 16.  Additionally, ACQIS contends that it sufficiently pleaded the accused products infringe and do not have any substantial non-infringing uses. *Id.* ACQIS states that the relevant case law requires nothing more. *Id.* Furthermore, ACQIS relies on additional details in its allegations that the accused products are each "designed in a

way that must *necessarily* infringe when used . . ." ECF No. 49 at 17 (citing ECF No. 58 ¶¶ 63,

68, 77, 82, 93, 111).

The plausibility standard that ACQIS must meet requires "more than a sheer possibility

that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. ACQIS meets this standard by

"nudging [its] claim" "across the line from conceivable to plausible." *Id.* at 680. For reasons

stated earlier, the Court declines to entertain Lenovo's arguments that ACQIS failed to

adequately plead knowledge. Thus, the Court turns its attention to "substantial non-infringing

uses."

"For purposes of contributory infringement, the inquiry focuses on whether the accused

products can be used for purposes *other than* infringement." *In re Bill of Lading*, 681 F.3d at

1338 (emphasis in original). The Federal Circuit affirmed the district court's order in *In re Bill of*

*Lading*, granting a motion to dismiss contributory infringement claims because the plaintiff

pleaded the opposite. *Id.* at 1339 ("Because the amended complaints actually make clear on their

face that [defendant's] products *do* have substantial non-infringing uses, [plaintiff] has not stated

a claim for contributory infringement against any of the [defendants].") (emphasis in original).

That is not the case here. Nothing in ACQIS's pleadings creates internal inconsistencies or

contradictions. Sufficiently, ACQIS pleads that Lenovo had "knowledge that those products are

material parts of a computer system, and are not staple articles of commerce with substantial

non-infringing uses." ECF No. 58 ¶ 107. Lenovo's opposition places a burden on ACQIS to

prove a negative in its pleadings. Such a burden is unnecessary—"The Federal Circuit has ruled

that affirmatively pleading the absence of substantial non-infringing uses renders the claim

plausible if the pleadings do not undermine that allegation." *Merck Sharp & Dohme Corp. v.*

*Teva Pharm. USA, Inc.*, No. 14-874-SLR-SRF, 2015 U.S. Dist. LEXIS 85279, at *20 (D. Del.

July 1, 2015) (citing *In re Bill of Lading*, 681 F.3d at 1339); *see also Driessen v. Sony Music Entm't*, 2013 WL 4501063, at \*2 (D. Utah Aug. 22, 2013) (denying motion to dismiss and concluding that a plaintiff is not required "to plead a null set under the plausibility standard of *Twombly* and *Iqbal*—that it is impossible to plead with specificity something that does not exist."). Accordingly, ACQIS's Complaint sufficiently pleads contributory infringement.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Lenovo's Motions to Dismiss for Failure to State a Claim as to Direct Infringement, Willful Infringement, Indirect Infringement, and Enhanced Damages (ECF Nos. 29, 30, 60).

SIGNED this 12th day of July, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE